## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DANIEL COLDING, an individual. | )<br>) |
| Plaintiff, | ) Case No. 21-cv-00066-GKF-CDL<br>) |
| v. | ) JURY TRIAL DEMANDED |
| 1. EDUCATIONAL DEVELOPMENT CORPORATION, a foreign corporation | )<br>) |
| | ) ATTORNEY'S LIEN CLAIMED |
| Defendant. | ) FOR THE FIRM<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, Daniel Colding ("Plaintiff"), through his attorneys of record, Jessica N. Vaught and Charles C. Vaught of *Armstrong & Vaught, P.L.C.* and hereby brings discrimination and retaliation claims pursuant to the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, *et seq.*, against Defendant, Educational Development Corporation. ("Defendant"). In support thereof, Plaintiff hereby states and alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

6. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

7. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that he was employed by an employer.

8. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the Office of Civil Rights Enforcement ("OCRE"). Subsequently, Plaintiff submitted a Charge of Discrimination to the OCRE. The OCRE completed its investigation and issued a Notice of Right to Sue on November 11, 2020. (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

9. Plaintiff was hired by Educational Development Corporation as a packer in approximately August of 2015.

10. During his employment, Plaintiff was subjected to race discrimination. Relevant, non-exclusive examples are, as follows:

    a. On several occasions from September 2015 through February of 2019, Darryl LNU, co-worker, called Plaintiff a nigger.

    b. In January of 2019, Randall White, CEO, made a racial comment to Plaintiff about how he must be in a gang given that Plaintiff had dyed his hair bright red.

11. During his employment, Plaintiff was subjected to disability discrimination.

2

12. Plaintiff suffers from pain in his back and legs due to permanent nerve pain secondary to a gun shot wound to his lower back. Plaintiff is prescribed pain medication to help ease symptoms.

13. Defendant's management, Saul LNU, Matt LNU, Jim LNU, Scott LNU, Randall White, Delpha LNU and Darrell LNU, were aware of Plaintiff's disability and the medications take to treat it.

14. On February 2, 2017, Mr. White and Matt Cobb, promoted Plaintiff to Night Shift Manager, which came with a substantial increase in pay. However, Plaintiff's crew understaffed by four workers, which caused Plaintiff difficulties due to his disabilities. Plaintiff expressed his concerns to Mr. White about the night shift being understaffed and inquired as to the ability to add more workers. After working the position for approximately a year, again, Plaintiff informed Mr. White that being understaffed had taken its toll due to Plaintiff having to take on the load of the missing workers, which caused Plaintiff's pain in his legs and back to worsen. Plaintiff reiterated the need for more workers. Mr. White instructed Plaintiff to "figure it out" because he was not going to hire more employees, regardless of the pain it caused Plaintiff.

15. Subsequent to Plaintiff's request for more workers, Mr. White and Mr. Cobb canceled Plaintiff's night shift and demoted him back to being a day shift packer, including the reduction in pay.

16. Plaintiff reported the racial slurs and discriminatory treatment to Human Resources on several occasions, but no investigation was ever conducted. Plaintiff's final report was regarding Mr. White's comment.

17. In January of 2019, Plaintiff reported Mr. White's comment to Human Resources. Subsequently, Plaintiff was called into a meeting with Human Resources and Dan O'Keefe. During the meeting, Mr. O'Keefe attempted to recant Mr. White's racial comment, as he felt he could speak about the meaning behind Mr. White's comment. However, during Plaintiff's explanation for his hair color, Mr. O'Keefe interrupted Plaintiff to say "if you go out here and

grab one of these girls asses, I can't save your job."

18. Subsequently, Plaintiff and Brandy Lewis, a co-worker, were called into Human Resources for a meeting. There, Plaintiff was told that a complaint had been filed by Ms. Lewis alleging Plaintiff had recently sexually harassed her. This report was false, but Plaintiff was not given the opportunity to read the details of the complaint or be informed of actions he had been accused of. Before the meeting concluded, both Plaintiff and Ms. Lewis had signed statements. Plaintiff was taken off work and not paid, pending an investigation. However, Ms. Lewis was allowed to remain at work.

19. On January 29, 2019, Plaintiff was called by Mr. O'Keefe, and informed that he had been terminated. Plaintiff believes that Defendant targeted him because of his race and reporting of discrimination.

20. Plaintiff believes he was subjected to race discrimination and retaliation in violation of the Title VII of the Civil Rights Act of 1964.

21. Plaintiff believes he was subjected to disability discrimination in violation of the ADA, *42 U.S.C.§§ 12101, et seq.*

### FIRST CLAIM
**(Race Discrimination in Violation of Title VII)**

22. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

23. That, as a member of a protected class, to wit: African American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

24. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of his race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

25. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on his race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

26. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

27. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### SECOND CLAIM
**(Retaliation in Violation of Title VII)**

28. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

29. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to complain of the disparate treatment he was subjected to as an employee in Defendant's employ.

30. Plaintiff reported the discrimination he was subjected to as an employee of Defendant to Human Resources.

31. As a direct result of Plaintiff's complaints, Defendant altered, and continues to alter, the terms, conditions and/or privileges of his employment by, among other retaliatory acts, terminating his employment.

32. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the disparate treatment he was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### THIRD CLAIM
### (DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

33. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state, as follows:

34. As a result of his permanent nerve pain, causing pain in his back and legs, Plaintiff is disabled pursuant to the Americans with Disabilities Act ("ADA").

35. In the alternative, Defendant perceived Plaintiff as disabled or the Plaintiff had record of such impairment.

36. Plaintiff is qualified to perform, with reasonable accommodations, the essential functions of his position with Defendant.

37. Defendant violated the ADA by failing to make reasonable accommodations for Plaintiff's

known physical limitations.

38. Defendant violated the ADA by permitting its agents and/or employees to create a hostile work environment regarding Plaintiff's disability.

39. As a direct result of the discrimination, Defendant demoted Plaintiff in approximately February of 2018.

40. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected by Defendant's refusal to make reasonable accommodations for Plaintiff's known physical limitations, the hostile work environment Defendant's agents and/or employees created regarding Plaintiff's disability, and/or the termination of Plaintiff's employment because of his disability.

41. By and through, but not limited to, the actions described herein, Defendant has violated the ADA, *42 U.S.C.§§ 12101, et seq.*

42. Defendant's actions were willful and recklessly indifferent to Plaintiff's rights, thus warranting punitive damages.

43. As a direct and proximate result of Defendant's actions, Plaintiff has, is now, and will continue to suffer lost wages, fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

44. Plaintiff has been injured by this discrimination and is entitled to compensatory and punitive damages and any other damages available pursuant to the ADA.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; enjoin the Defendant from engaging in such conduct; enter a judgment for Plaintiff in an amount equal to the actual damages, compensatory damages, punitive damages and statutory penalties incurred for Defendant's violation, all in excess of $100,000.00, plus interest,

costs and attorney fees; and grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

                Respectfully submitted

                **ARMSTRONG & VAUGHT, P.L.C.**

                By: *s/ Jessica N. Vaught*
                **Jessica N. Vaught, OBA #33114**
                **Charles C. Vaught, OBA #19962**
                2727 East 21st St., Suite 505
                Tulsa, OK 74114
                (918) 582-2500 - *telephone*
                (918) 583-1755 – *facsimile*
                jvaught@a-vlaw.com
                cvaught@a-vlaw.com
                ***Attorneys for Plaintiff***